DAVID B. DREYFUS, GENERAL COUNSEL (199403)
DIRECTORS GUILD OF AMERICA, INC.
7920 Sunset Boulevard
Los Angeles, California 90046-0907
Telephone: (310) 289-5356
Facsimile: (310) 289-2031
Email: DDreyfus@dga.org

MICHAEL R. FEINBERG, ESQ. (89196)
JULIE S. ALARCÓN, ESQ. (316063)
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, California 90048-5268
Telephone: (323) 655-4700
Facsimile:  (323) 655-4488
E-mail: mrf@ssdslaw.com
E-mail: jsa@ssdslaw.com

Attorneys for Petitioner, Directors Guild of America, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DIRECTORS GUILD OF AMERICA, INC., <br><br>Petitioner,<br><br>v.<br><br>SUPERSTITION DOG WITH A BONE, INC., AND GLOBAL RENAISSANCE ENTERTAINMENT GROUP, INC.,<br><br>Respondents. | CASE NO. 2:18-cv-02719-CAS (SKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO SECTION 301 OF THE LMRA, 29 U.S.C. § 185**<br><br>Date:             June 25, 2018<br>Time:             10:00 A.M.<br>Courtroom:     8D<br>Presiding Judge: Honorable Christina A. Snyder<br>Action Filed:    April 3, 2018 |

# I

# PRELIMINARY STATEMENT

The Directors Guild of America, Inc. ("the Guild") filed its verified petition herein pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm the Arbitration Award ("Award") issued by the Impartial Arbitrator Barry Winograd ("Arbitrator Winograd") on February 9, 2018 in the arbitration between the Guild and Superstition Dog With A Bone, Inc., and Global Renaissance Entertainment Group, Inc. ("Respondents").

The Guild, a labor organization, and Respondent Superstition Dog With A Bone, Inc., an employer, are bound to a collective bargaining agreement, the 2014-2017 Directors Guild of America, Inc. Basic Agreement ("Basic Agreement"), which includes a grievance and arbitration clause providing for final and binding arbitration. (Petition, Exhibit "B", pp. 000034-000045 [Basic Agreement, pp. 26-37])

In breach of the Basic Agreement, Respondents failed to compensate Kevin Goetz and Michael Goetz for directing services rendered on the low budget theatrical motion picture *Superstition* ("the Picture"). Petitioner pursued the grievance and arbitration procedure under Article 2 of the Basic Agreement to obtain a remedy for this contract violation.

On February 9, 2018, Arbitrator Winograd issued a final and binding Award sustaining the Guild's grievance against Respondents. (Petition Exhibit "A," p. 000031 [Award, p. 20])  The Award is, as provided in the Basic Agreement, final and binding.  Petitioner now moves to confirm it.

# II

# FACTUAL BACKGROUND

The Guild and Respondent Superstition Dog With A Bone, Inc. are parties to the 2014-2017 Directors Guild of America, Inc. Basic Agreement, which includes an arbitration agreement.  (Petition, Exhibit "B")  Respondent Superstition Dog

With A Bone, Inc. is bound to the Basic Agreement pursuant to a November 9, 2016 Letter of Adherence. (Petition, Exhibit "C")  Respondent Global Renaissance Entertainment Group, Inc. is contractually obligated to guarantee the performance of Respondent Superstition Dog With A Bone, Inc. under its collective bargaining agreements with the Guild pursuant to the terms of its November 10, 2016 Theatrical Guarantee Agreement with the Guild. (Petition, Exhibit "E")  The terms of the Basic Agreement, as applicable to the Respondents, are modified pursuant to the November 7, 2016 Low Budget Sideletter ("LBSL"). (Petition, Exhibit "D")

Article 2 of the Basic Agreement contains an agreement to handle all disputes through a grievance and arbitration process. Paragraph 2-101 states, in pertinent part,

> "The following matters shall be subject to arbitration: All grievances, disputes or controversies over the interpretation or application of the BA and, in addition, all grievances, disputes or controversies over the interpretation or application of any Employee's personal services contract or deal memo with respect to (a) credit provisions, (b) cutting rights provisions, (c) preview rights provisions, (d) creative rights provisions (including, without limitation, all consultation and/or approval rights of any kind relating to any motion picture), (e) money claims for unpaid compensation seeking $550,000 or less, (f) cash per diem payments for Employees only...." (Petition, Exhibit "B," p. 000034)

On December 8, 2016, the Guild filed a grievance against Respondents alleging a failure to pay the Picture's Directors, Kevin Goetz and Michael Goetz, the compensation and benefits required under the Low Budget Sideletter and their personal services agreement. (Petition, ¶ 14)

On February 2, 2017, the Guild served Respondents with its Notice of Claim and Arbitration Claim, demanding arbitration of the December 8, 2016 grievance. (Petition, ¶ 15)  The Guild and Respondents selected Barry Winograd of Oakland, California to serve as the impartial arbitrator for this matter.  On October 26, 2017, an arbitration hearing was held in this matter at the Guild's offices in Los Angeles, California.  (Petition, ¶¶ 16-17)

On February 9, 2018, Arbitrator Winograd issued his final and binding Award in this matter, which states, in pertinent part, at page 2:

> The undersigned was selected by the parties to conduct a hearing and to render a final and binding award....  At the hearing, the parties were afforded an opportunity to examine and cross-examine witnesses, and to introduce relevant documentary evidence. A transcribed record of the hearing was prepared. The dispute was deemed submitted upon receipt of the final post-hearing brief on January 12, 2018. (Petition, Exhibit "A," p. 000010 [Award, p. 2])

Further, the Arbitrator sustained the Guild's grievance and ordered that:

> Respondents shall pay each director, Kevin Goetz and Michael Goetz, the amount of $100,240.30 plus additional late charges in the amount of $823.89. In addition, for each director, respondents shall pay the Guild's pension and health trust the balance due of $2,897.01, plus liquidated damages in the amount of $579.40. (Petition, Exhibit "A," p. 000032 [Award, p. 24])

//
//
//
//

# III

# ARGUMENT

## A. THE AWARD IS FINAL

Section 301 of the Labor Management Rights Act ("LMRA") grants the court authority to enforce "final and binding" arbitration awards made pursuant to a collective bargaining agreement. *Gen. Drivers, Warehousemen & Helpers, Local 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Sheet Metal Workers' Int'l Ass'n, Local 206 v. R.K. Burner Sheet Metal Inc.*, 859 F.2d 758, 760 (9th Cir. 1988). Moreover, the Basic Agreement, the collective bargaining agreement between Petitioner and Respondents provides "[t]he award of the Arbitrator shall be promptly furnished to the parties in writing and *shall be final and binding on the Guild, the Employee and the Employer*." (Petition, Exhibit "B," p. 000041 [Basic Agreement ¶ 2-309, p.33]) (emphasis added)

As mentioned, the parties selected Arbitrator Winograd to be the impartial arbitrator. The parties submitted six issues for his consideration (Petition, Exhibit "A," p. 000010-000011 [Award, pp. 2-3]) and Arbitrator Winograd's Award addressed all of these issues and provided a clear and concise determination sustaining the Guild's claim that Respondents violated the Basic Agreement. (Petition, Exhibit "A," pp. 000031-000032 [Award, pp. 23-24]).

## B. THE AWARD SHOULD BE CONFIRMED

Supreme Court and Ninth Circuit precedents leave no doubt that Arbitrator Winograd's Award must be confirmed. The parties bargained for, and agreed to accept, Arbitrator Winograd's construction of the Agreement. *See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987) ("Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept."); *accord Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509-11 (2001); *United*

1  *Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960). This Court is required to confirm Arbitrator Winograd's Award "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Misco*, 484 U.S. at 38; *Southern Cal. Gas Co. v. Util. Workers Union Local 132, AFL-CIO* 265 F.3d 787, 792 (9th Cir. 2001).

This is, as the Sixth Circuit commented in *Lattimer-Stevens Co. v. United Steelworkers of Am., AFL-CIO, Dist. 27*, 913 F.2d 1166 (6th Cir. 1990), "one of the narrowest standards of judicial review in all of American jurisprudence." *Id*. at 1169; *accord*, *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1205 (9th Cir. 1989) ("nearly unparalleled degree of deference"). Arbitrator Winograd's Award meets this standard: he grounded his interpretation of the agreements on the language of the Basic Agreement and LBSL themselves, viewed against the testimony of both sides' witnesses, to rule that the Respondents owe compensation, pension, and health contributions to the Guild for Kevin Goetz and Michael Goetz. His Award on the merits should be confirmed.

//
//
//
//
//
//
//
//
//
//
//
//
//

# IV

# CONCLUSION

Based on the above, the Petitioner respectfully requests that the Court issue an order confirming Arbitrator Winograd's February 9, 2018 Arbitration Award.

Dated:  May 11, 2018                    Respectfully submitted,

DAVID B. DREYFUS, ESQ.
DIRECTORS GUILD OF AMERICA, INC.

MICHAEL R. FEINBERG, ESQ.
JULIE S. ALARCON, ESQ.
SCHWARTZ, STEINSAPIR,
  DOHRMANN & SOMMERS LLP


By  /s/ Michael R. Feinberg
         MICHAEL R. FEINBERG
         Attorneys for Petitioner
         Directors Guild Of America, Inc.

## PROOF OF SERVICE - F.R.C.P. 5(b)

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of eighteen years, employed in the County of Los Angeles, State of California, and not a party to this action.

On May 11, 2018, I served a true copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO SECTION 301 OF THE LMRA, 29 U.S.C. § 185** on the following:

> Jeffrey S. Miles, Esq.
> Law Offices of Jeffrey S. Miles
> P.O. Box 1001
> Ojai, California 93024
> E-mail: jsm1001@aol.com

__X__ **BY E-MAIL**: I sent a copy of the above-described document(s) via e-mail to the individual(s) set forth below

__X__ By placing the document(s) for collection and mailing on that same date following the ordinary business practices of Schwartz, Steinsapir, Dohrmann & Sommers LLP, at its place of business, located at 6300 Wilshire Boulevard, Suite 2000, Los Angeles, California 90048-5268. I am readily familiar with the business practices of Schwartz, Steinsapir, Dohrmann & Sommers LLP for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practices the envelope(s) would be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing in the affidavit.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 11, 2018, at Los Angeles, California.

ARBI ABRAMI

ID#: 350950